OPINION
Defendant Chad E. Keller appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of aggravated vehicular assault in violation of R.C. 2903.08, with a specification of under the influence of alcohol, and willfully fleeing a police officer in violation of R.C. 2921.331, after a jury trial. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN OVERRULING HIS MOTION FOR A DIRECTED VERDICT PURSUANT TO CRIMINAL RULE 29 THEREBY VIOLATING HIS DUE PROCESS RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE SPECIFICATION OF "UNDER THE INFLUENCE".
ASSIGNMENT OF ERROR NO. 2
 THE VERDICT TO THE SPECIFICATION, "UNDER THE INFLUENCE OF ALCOHOL," IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN SENTENCING THE APPELLANT TO THE MAXIMUM SENTENCE WHEN SUCH SENTENCE WAS AN ABUSE OF DISCRETION, ARBITRARY AND UNREASONABLE IN VIEW OF THE FACT THAT THE COURT DID NOT FOLLOW OR EVEN CONSIDER THE MANDATES OF O.R.C. 2929.12 IN ORDERING THE DEFENDANT/APPELLANT TO SERVE A MAXIMUM SENTENCE.
At trial, the State presented evidence appellant drove a vehicle at an extremely high rate of speed, and attempted to allude Lawrence Township Police Officer, Paul Stanley. Officer Stanley abandoned the pursuit because he felt it was too dangerous, given that the officer's vehicle traveled at approximately 100 m.p.h., and because the road on which the pursuit occurred was winding and hilly, and went near an elementary school where there were Little League games being held.
Officer Stanley eventually arrived at a scene of an accident, observing skid marks on the road, a telephone pole split in half, mail boxes knocked over, and appellant's vehicle severely damaged. Appellant's passenger had broken his arm in six places, and suffers permanent nerve damage.
Officer Stanley testified he interviewed appellant at the scene of the accident, and appellant admitted to drinking six or seven beers. The officer noticed a strong odor of alcoholic beverage on appellant's person, and observed his eyes were bloodshot and glassy. At the scene, a bystander approached the officer in appellant's presence, and told the officer appellant had been going at least 100 m.p.h., whereupon appellant laughed and replied he was only going 95 m.p.h.
Appellant testified in his own defense, admitting to willfully fleeing from the officer and causing the crash which injured his passenger. Appellant denied being under the influence of alcohol at the time of the accident.
 I and II
The first two assignments of error challenge the sufficiency and the manifest weight of the evidence supporting the driving under the influence of alcohol specification. In ruling on a motion for directed verdict, the trial court must determine whether the evidence presented is legally sufficient to support a verdict. Appellant also argues the jury's verdict was against the manifest weight of the evidence.
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court held:
 2. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1997], 443 U.S. 307, 99 S.Ct. 2781, 61 L. Ed2d 560, followed.)
 Syllabus, paragraph 2, by the court.
In addition, the Ohio Supreme Court has held a reviewing court should not substitute its judgment for that of a jury where each of the elements of the offense is supported by sufficient credible and competent evidence, see State v Eley (1978),56 Ohio St.2d 169. Appellant's theory of the case was that the accident was caused by the excessive speed he was traveling. Appellant in his trial testimony attempted to explain away his statement to the police officer that he had consumed six to seven beers. Appellant also argues the testimony of Officer Stanley was the only evidence offered to support the specification. No evidence was presented on any chemical testing, nor on any field sobriety tests administered to appellant at the scene. Appellant urges even viewing the evidence, as we must, in a light most favorable to the prosecution, reasonable minds could only conclude there was insufficient evidence presented by the State to support the specification of "under the influence". Appellant urges the court should have not permitted the jury to consider the specification, or in the alternative, should not have entered a judgment of conviction on the jury's verdict.
In a jury trial, the jury should decide the weight and credibility of the evidence presented, see State v. DeHass (1967),10 Ohio St.2d 230. We find if the jury had believed appellant, and not Officer Stanley, it could have found appellant not guilty of the specification of driving under the influence. On the other hand, there is sufficient competent and credible evidence in the record which would entitle the jury to conclude beyond a reasonable doubt that appellant was under the influence of alcohol when this incident occurred.
We conclude the trial court did err in overruling the motion for directed verdict, permitting the jury to consider the specification, accepting the jury's verdict, and entering a conviction on the verdict. Accordingly, the first and second assignments of error are overruled.
 III
After receiving the verdict, the court inquired of appellant and his counsel whether either had anything to state on the record at that time. Trial counsel requested a pre-sentence investigation, but the court proceeded with sentencing. Appellant addressed the court and apologized for what had happened. Appellant advised the court he had a baby on the way and asked the court to permit him to be available to care and support his child. The court then addressed the appellant, and advised him he had made extremely stupid decisions on that day, doing a serious and permanent injury to his friend. The court found clear evidence of excessive alcohol use by both appellant and his passenger, and proceeded to sentence appellant to the maximum minimum sentence provided under R.C. 2903.08.
Appellant concedes a trial court has broad discretion in imposing a sentence, see State v. Ramirez (1994), 98 Ohio App.3d 388. Appellant also concedes the sentence is within the statutory guidelines. Appellant cites us to State v. Tutt (1988), 44 Ohio App.3d 138, which holds a court does not abuse its discretion if it considers statutory criteria and orders a sentence within statutory guidelines. In this case, the court did not request a pre-sentence report.
R.C. 2929.12 states in pertinent part:
 (A) Unless a mandatory prison term is required by division (f) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense, related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to chapter 2151 of the Revised Code or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to chapter 2151 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) the offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
Although the court specifically noted the injuries to the victim, the court is not required to recite each of the factors and make a finding of its relevancy and weight. We find upon this record and under these circumstances, the trial court complied with the provisions of R.C. 2929.12.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P. J., and Hoffman, J., concur.
 JUDGEMENT ENTRY
CASE NO. 97CA0082
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.