THE STATE OF OHIO, APPELLEE, v.
TUTT, APPELLANT.

(No. L-88-079—Decided
December 16, 1988.)

George J. Conklin, assistant prosecuting attorney, for appellee.

Jonathan B. Cherry, for appellant.

Per Curiam. This case is on appeal to this court from a judgment of the Lucas County Court of Common Pleas.

The issue in this case is not as to the guilt or innocence of appellant, but as to the sentence imposed below. Appellant, in this case, pled guilty to a single count of breaking and entering in violation of R.C. 2911.13(A), a fourth degree felony. The involved real estate in this case was a bowling alley. At the sentencing hearing, the court imposed a penalty of one year's incarceration. It is from this judgment that appellant filed a timely notice of appeal and asserts the following assignment of error:

"The sentencing court abused its discretion and the defendant-appellant was denied due process of law by the sentencing court's consideration of allegations of other offenses for which the defendant had not been charged, arrested, indicted, convicted, or implicated."

At the sentencing hearing, the trial court stated:

"This is a case where probation might have been considered, but this was not a one time matter. The facts that have been ascertained is that this bowling alley was broken into three times; in addition there was a residential burglary. And with the prior matters that he has already accumulated, the Court just can't consider probation * * *."

Appellant contends that this statement is an abuse of discretion because, in determining the appropriate sentence, the court, in appellant's view, considered allegations of other offenses, when he was not charged with, informed of, convicted of, or otherwise notified of those other offenses.

As a general proposition, an appellate court will not review a trial court's sentence in an action as long as that punishment is within the statutory limits. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, 34 O.O. 2d 13, 213 N.E. 2d 179. Sentencing criteria to be used by trial courts are found in R.C. 2929.12 and 2929.13. Appellant does not contend that the punishment is not within these limits. Even with these general statutory guidelines, the matter of sentencing ultimately rests within the discretion of the trial court. *State* v. *Longo* (1982), 4 Ohio App. 3d 136, 4 OBR 228, 446 N.E. 2d 1145.

For this case to be reversed, this court must find an abuse of discretion on the part of the trial court. In order to find abuse of discretion, " '* * * the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *' " *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, 222, 15 OBR 311, 361, 473 N.E. 2d 264, 313, certiorari denied (1985), 472 U.S. 1032, rehearing denied (1985), 473 U.S. 927, quoting *Spalding* v. *Spalding* (1959), 355 Mich. 382, 384-385, 94 N.W. 2d 810, 811-812.

Appellant contends that the court's referring to other crimes for which he had not been arrested rose to the level of an abuse of discretion on its part during the sentencing hearing. The record in this case reveals that the court had access to written statements by others involved which implicated appellant in other breaking and entering crimes. The court also had access to a probation report which gave appellant's social and criminal history, along with the presentence report, which is mandated by Crim. R. 32.2.

In light of the fact that the sentence imposed *sub judice* was within the statutory limits allowed, and after a complete review of the court records in this case, we conclude that the lower court's attitude was not "unreasonable, arbitrary or unconscionable." *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149. We find no abuse of discretion on the part of court in sentencing appellant.

Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, substantial justice was done appellant James Tutt. The judgment of the Lucas County Court of Common Pleas is affirmed. This cause is remanded to said court for execution of sentence. It is ordered that appellant pay the costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, JR., J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.