OPINION
This appeal is taken by defendant-appellant Britt Freistuhler from a jury verdict of guilty in the Common Pleas Court of Shelby County on one count of felonious sexual penetration.
From January 1995, to August 1995, appellant allegedly sexually molested his minor step-daughter. On January 17, 1997, the victim was removed from the home. Appellant was indicted on February 18, 1997, on one count of rape, in violation of R.C.2907.02, and one count of felonious sexual penetration, in violation of R.C. 2907.12. A jury trial was held from June 30 to July 2, 1997. The jury returned a verdict of not guilty on the rape charge and guilty on the felonious sexual penetration charge. On August 19, 1997, appellant was sentenced to 10 to 25 years in prison.
Appellant raises the following assignments of error:
 The trial court erred in permitting the State's expert witness to express an opinion as to whether or not appellant sexually abused the alleged victim.
 The trial court erred in permitting the State's expert witness to testify as to hearsay statements made to him by the alleged victim.
 The trial court erred by not permitting appellant to cross-examine Dr. Brown on other sexual experiences of the alleged victim for purposes of explaining detail.
 The trial court erred in permitting Letha Mann to testify concerning the mother's visits with the alleged victim.
 The trial court erred by not permitting appellant to lay a foundation for the admission of or inquire on cross-examination as to writings of the alleged victim which established a motive to misrepresent the truth and which established the alleged victim's state of mind.
 The trial court erred by considering at sentencing the circumstances of an alleged sexual offense of which appellant was acquitted.
Appellant's first assignment of error claims that Dr. Brown should not have been permitted to testify as to whether or not appellant sexually abused the victim. An expert may testify that a child has been sexually abused. State v. Boston (1989), 46 Ohio St.3d 108,545 N.E.2d 1220. Here, the State asked Dr. Brown if he had "an opinion within a reasonable degree of psychological certainty as to whether [the victim had] been the victim of sex abuse at the hands of Britt Freistuhler?" Appellant objected and the objection was overruled. Dr. Brown then testified that he believed the victim had been sexually abused. Although the State's question was improper in that it asked Dr. Brown to give an opinion on who was the perpetrator of the crime, Dr. Brown's answer was limited to the issue of whether the victim had been sexually abused. Therefore, Dr. Brown's testimony was within the scope permitted by the rules of evidence and appellant's first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred in permitting Dr. Brown to testify to the victim's hearsay statements. The trial court admitted the statements under Evid.R. 803(4). Evid.R. 803 states as follows:
 The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * *
 (4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
"[S]tatements made during the course of a psychological examination are admissible to the same extent as statements made to a treating physician, provided that the purpose of the psychological examination is the diagnosis and treatment of the victim's psychological condition, rather than gathering evidence against the accused. State v. Vaughn (1995), 106 Ohio App.3d 775,780, 667 N.E.2d 82, 87. Here, the victim had seen Dr. Brown several times for treatment. Thus, the circumstances surrounding the hearsay statements indicate reliability and Evid.R. 803(4) applies. The second assignment of error is overruled.
Appellant's third assignment of error asserts that the trial court should have permitted the cross-examination of Dr. Brown on the victim's prior sexual experience. Appellant claims that the victim was sexually active and that is how she could testify with great detail. However, this argument does not provide an exception to R.C. 2907.02. R.C. 2907.02 prevents the admission of any extrinsic evidence concerning the alleged victim's past sexual activity. Although certain exceptions exist, evidence submitted solely to impeach the victim's credibility is prohibited. Statev. Ferguson (1983), 5 Ohio St.3d 160, 450 N.E.2d 265.
Here, appellant sought to introduce testimony about the alleged victim's sexual experience to show that she had learned the details of a sexual experience elsewhere and was lying about being abused by appellant. The sole purpose for introducing such testimony was to impeach the credibility of the witness. Therefore, the evidence was inadmissible and the third assignment of error is overruled.
Appellant's fourth assignment of error claims that the trial court improperly permitted Letha Mann, a children's services caseworker, to testify about the mother's visits with the victim after the victim was removed from her home. Appellant claims that this testimony was irrelevant and highly prejudicial because it implied that the victim was hated by her mother. The trial court found the issue to be relevant to the mother's credibility. Appellant objected on the grounds that the credibility of no witness was at issue yet. The court overruled the objection.
"`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The decision whether evidence is relevant, and thus admissible, is within the sound discretion of the trial court. State v. Awkal (1996), 76 Ohio St.3d 324,667 N.E.2d 960. Here, the trial court found Mann's testimony was relevant to the credibility of the witnesses who would be testifying, including the victim. Although Mann's testimony was not relevant at the time it was given, the error was not prejudicial because it could have been used to rebut the mother's testimony concerning the close relationship between the mother and the victim. Thus, the fourth assignment of error is overruled.
In the fifth assignment of error, appellant argues that the trial court erred in excluding the victim's writings. The admission of evidence is left to the discretion of the trial court and is to be reviewed on an abuse of discretion basis. State v.Awkal (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. In this case, appellant wanted to introduce the writings to show that they made no mention of the abuse. His theory was that since the personal writings did not mention the abuse, it must not have occurred. The trial court decided this theory was illogical and found the writings to be irrelevant. Thus, the trial court refused to admit them.
Appellant also claims that the trial court should have allowed the documents because they indicated the victim's feelings toward her mother and appellant. These feelings would show a motivation to fabricate the abuse. However, this argument ignores the fact that the victim was available for cross- examination on these topics. Therefore, appellant's fifth assignment of error is overruled.
The final assignment of error asserts that when imposing sentence, the trial court improperly considered an offense for which appellant had been previously acquitted. When reviewing a sentence, a presumption is raised that the trial court considered the appropriate sentencing criteria unless the record shows otherwise. State v. Ramirez (1994), 98 Ohio App.3d 388,648 N.E.2d 845. "Thus, an appellate court will uphold the trial court's sentencing absent an abuse of discretion." Id. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v.State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 589 N.E.2d 24. Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria. State v. Tutt (1988), 44 Ohio App.3d 138,541 N.E.2d 1090. Here, the trial court specifically stated on the record that it was not considering the 1986 incident as a factor in sentencing. The trial court stated that it based its judgment solely on the case before it. Therefore, no abuse of discretion occurred. Appellant's sixth assignment of error is overruled.
The judgment of the Common Pleas Court of Shelby County is affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.