[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal submitted on the accelerated calendar, is being considered pursuant to App. R. 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
On September 22, 1997, Darren J. Riley, convicted of eight fifth degree felony offenses, was sentenced as follows:
 * * * it is hereby ORDERED that Defendant shall serve a term of one year in prison, on each count, each count to be consecutive to the others, and pay the costs of prosection.
 Said sentence is suspended and the Defendant is placed on 5 years of Community Control upon the following terms and conditions: It is further ORDERED that:
* * *
 4) . . . Defendant is Ordered to residency at the Union County Discipline and Rehabilitation Center for 90 days in conformance with all its' (sic) Rules and Regulations, work release approved . . ."
(Judgment Entry of Sentence, 9-22-97 p. 2) (emphasis added).
On November 26, 1997, Riley was found to have violated various terms of this sentencing order and his prison term was "reimposed." We reversed this judgment because Riley was not properly advised of his right to retained counsel at that hearing.State v. Riley (June 4, 1998), Union App. No. 14-98-1, unreported. On July 24, 1998, Riley, with counsel, reappeared before the Union County Court of Common Pleas on the same allegations. Riley admitted to three of the four allegations and, after a short hearing, the court found that Riley had violated the terms of its order entered on September 22, 1997. The court then ordered that:
 the previous sentence entered by this Court . . . journalized by this Court on the 22nd day of September, 1997 is reimposed and the Defendant is ordered confined to the Department of Rehabilitation Corrections for a term of one year on each of three counts of Forgery . . . one year on each of two counts of Receiving Stolen Property . . . and one year on each of two counts of Misuse of Credit Cards . . . and one year on Theft . . . All sentences above are to be served consecutive to each other.
(Judgment of Sentence imposed 7-24-98, p. 2) (emphasis added).
Riley now appeals from this judgment and raises two assignments of error.
 I. The Appellant has an appeal of right of the maximum sentence imposed in his case, pursuant to Ohio Revised Code Section 2953.08, and that issue is ripe for review by this court.
This rhetorical statement is not an "assignment of error." At best, this statement is a proposition of law. Because determination of this proposition could not demonstrate prejudicial error "in any of the particulars assigned," this assignment of error is overruled. App. R. 12(B).
 II. The trial court erred, as a matter or law, when it imposed maximum, then consecutive sentences on each count of forgery, receiving stolen property and misuse of credit cards, all fifth degree felonies, without first finding that it was necessary to impose both the maximum sentence on each count and run the sentences consecutively, as required by Ohio Revised Code Section 2929.14.
Riley contends the trial court erred by imposing maximum and consecutive terms of imprisonment at his July 24, 1998 hearing without making any requisite findings to support such judgment as required by Ohio's felony sentencing statute. See, R.C. § 2929.11et seq.
As noted, at Riley's original sentencing hearing on September 22, 1997, the trial court sentenced Riley to eight consecutive years of incarceration and suspended that prison term on the condition that Riley comply with various community control sanctions for a period of five years. On July 24, 1998, the court held another hearing to determine whether Riley "violated th[e] Court's orders journalized on September 22, 1997 . . ." The court found that Riley had violated terms of its prior sentencing order and purportedly "reimposed" its prior sentence.
Pursuant to Ohio's felony sentencing statute:
 * * * a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.
R.C. § 2929.13(A) (emphasis added).
The sanctions provided in sections 2929.14 to 2929.18 are "Basic prison terms," "Community control [sanctions]," "Residential sanctions,[1]" "Nonresidential sanctions," and "Financial sanctions; restitution" respectively.
While a court has considerable discretion when determining which sanction or combination of sanctions should be imposed on an offender, the court must comply with statutory requirements when making that determination. State v. Tutt (1988), 44 Ohio App.3d 138,541 N.E.2d 1090. Here, Riley was convicted of eight fifth degree felony offenses. Pursuant to R.C. § 2929.13(B)(2)(a), when sentencing an offender convicted of either a fourth or fifth degree felony:
 * * * if the court [finds any one of the factors listed in division (B)(1), subsections (a)-(h)], and if the court, after considering the [seriousness and recidivism] factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing . . . and finds that the offender is not amenable to an available community control sanction , the court shall impose a prison term upon the offender. (emphasis added).
Further, the "Sentencing hearing" provision of the Revised Code states in part:
 * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all the following:
(a) Impose a stated prison term * * *
R.C. § 2929.19(B)(3) (emphasis added).
Further,
 * * * If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction * * *.
R.C. § 2929.19(B)(5) (emphasis added).
While sanctions may be combined, there is no provision in the sentencing statute which permits a court to suspend a prison term or make community control a condition of a suspended prison term. The statute is clear, if the court makes the requisite findings determining that prison is necessary or required, then that court "shall . . . [i]mpose a stated prison term." R.C. § 2929.19(B)(3). Conversely, if the court determines that a community control sanction should be imposed, "the court shall impose a community control sanction." R.C. § 2929.19(B)(5). Further indication that these alternatives are mutually exclusive is the requirement in R.C. § 2929.13(B)(2)(a) that before a court imposes a prison term it must find that the fourth or fifth degree felony "offender is not amenable to an available community control sanction."
However, merely because a prison term and community control cannot be imposed simultaneously, does not mean a court cannot, at some later time, impose a prison term upon an offender originally sentenced to community control.
 If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. * * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code. * * *
R.C. 2929.15(B) (emphasis added).
Nevertheless, the recently amended sentencing statute requires "definite prison term[s]" and "directly impose[d] . . . community control sanctions." R.C. § 2929.14(A) and R.C. § 2929.15(A)(1) (emphasis added).
At the original sentencing here, the trial court ordered into execution Riley's sentence to community control. Thus, the trial court's reference to a prison term in that entry may be viewed as notice to Riley that should he not comply with the terms of his community control, he may receive a prison term "within the range of prison terms available for the offense[s] for which the sanction that was violated was imposed." R.C. § 2929.15(B), seealso, R.C. § 2929.19(B)(5).
Riley, who had not previously served a prison term, was found to have violated terms of his community control. This finding is not disputed. However, before the trial court may sentence Riley to a prison term, it must comply with the felony sentencing requirements in R.C. § 2929.14. See, R.C. § 2929.15(B). Revised Code Section 2929.14 states in part:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. § 2929.14(B) (emphasis added). Where a trial court does not make such a finding on the record, the case must be remanded for re-sentencing. State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported; see also, State v. Garcia (March 2, 1998), Clermont App. No. CA97-04-042, unreported.
Further,
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. § 2929.14(E)(4) (emphasis added). In addition, if the sentencing court imposes consecutive prison terms it "shall make a finding that gives its reason for selecting th[at] sentence." R.C. § 2929.19(B)(2)(c).
Here, at its July 24, 1998 sentencing hearing, the trial court imposed the maximum prison term on Riley on each of his eight fifth degree felony offenses to be served consecutively. However, contrary to R.C. § 2929.14, the record contains none of the required statutory findings relating to why the shortest prison term was not imposed or why consecutive prison terms were imposed. Accordingly, Riley's second assignment of error is sustained and this matter is remanded for re-sentencing. R.C. § 2953.08(G)(1)(d).
Judgment Reversed and Remanded.
HADLEY, J., concurs.
EVANS, J., concurs in judgment only.
[1] Now referred to as "Eligibility of felons for participation in county jail industry program." R.C. § 2929.16, eff. 3-17-98.