OPINION
Robin Roberts appeals his ten year prison sentence entered upon his guilty plea to one count of Attempted Rape of a child under thirteen years of age in violation of R.C. §§ 2923.02(A) and2907.02(A)(1)(b).
On September 16, 1997 around 12:00 P.M., a four year old child was waiting outside her mother's apartment in Russells Point, Ohio for a bus to take her to pre-school. Roberts, who lived in an apartment near the same bus stop, abducted the child from the bus stop and took her into his residence and into his bedroom. The victim's mother, heard her child screaming "Mommy, Mommy" from the vicinity of Roberts' apartment. The victim's mother then entered Roberts' residence and observed her child disrobed, lying on a bed beneath Roberts who was also without clothing. The child, who had been struggling to get away from Roberts, was rescued by her mother and taken away from his apartment. Roberts also left his apartment and fled in his vehicle.
On October 14, 1997, Roberts was indicted by the Logan County grand jury on three counts: Kidnapping, a first degree felony in violation of R.C. § 2905.01(A)(4), Attempted Rape, a second degree felony in violation of R.C. §§ 2923.02(A) and 2923.02(A)(1)(b), and Felonious Assault, a second degree felony in violation of R.C. § 2903.11(A)(2). On August 17, 1998, Roberts filed a plea petition stating his intent to plead guilty to the charge of Attempted Rape in exchange for the State's agreement to dismiss the Kidnapping and Felonious Assault charges.
At the plea hearing conducted on August 17, 1998, the trial court asked the prosecutor to "read Count Two into the record with any specifications you believe are appropriate." (8-17-98 Tr. p. 5). The prosecutor read count two as it appeared in the original indictment but added that the offense was "a felony of the second degree, requiring a mandatory ten-year prison sentence as a result of force being used." (8-17-98 Tr. p. 6). The trial court then advised Roberts that "because force was alleged to have been used that there's a mandatory ten years (sic) sentence." (8-17-98 Tr. p. 7). Roberts stated he understood the punishment and entered his guilty plea. The trial court accepted Roberts' guilty plea to the charge of Attempted Rape and found Roberts "Guilty as charged." (J.E. 8-20-98). The State dismissed the other two charges and the case was continued for sentencing.
At his sentencing hearing on October 5, 1998, Roberts questioned, for the first time, whether ten years was an appropriate prison term for his offense. (10-5-98 Tr. p. 14). Roberts' attorney argued that "Mr. Roberts entered his plea to Count Two of the indictment in this case of attempted rape, a felony of the second degree which did not contain the allegations of force." (10-5-98 Tr. p. 14). Roberts claimed that because the indictment did not allege force, the longest prison term that could be imposed was eight years, the maximum term of incarceration for a second-degree felony. The State asked the court to set aside the plea "if this defendant is now alleging that force is not involved." Roberts' attorney responded that "we don't make any opposition to the State's statement of facts in this case, but that's not the issue * * *. There was no failure with the plea agreement. We agreed to Count Two." (10-5-98 Tr. pp. 18-19).
The trial court reminded Roberts that the plea petition he signed indicated Roberts understood that a mandatory prison term of ten years was the punishment for his offense. Further, the court noted that Roberts had agreed to facts indicating force was used during the crime. The court then sentenced Roberts to a mandatory term of ten years in prison because Roberts' engaged in a "Forcible attempt to commit a rape * * *." (10-5-98 Tr. p. 20). The trial court's sentencing entry, filed October 7, 1998, states in part:
 The Court FINDS that the Defendant has been convicted of Attempted Rape, in violation of Ohio Revised Code Sections 2907.02(A)(1)(b) and 2923.03(A), a felony of the second degree
* * *
 The Court FINDS pursuant to Revised Code Section 2929.14(D)(3)(a) that the offense was an attempted forcible violation of Revised Code Section 2907.02 and the victim was under thirteen (13) years of age requiring a mandatory prison sentence of ten (10) years.
 (J.E. 10-7-98) (emphasis added). Roberts appeals from this judgment and raises one assignment of error.
I.
Roberts' assignment of error states:
 The trial court erred in sentencing the Appellant to a mandatory prison term of ten years for the offense of attempted rape, a felony of the second degree.
Roberts's indictment, filed October 14, 1997, reads, in part, as follows:
COUNT TWO
 Robin Earl Roberts, on or about the 16th day of September, 1997, at the County of Logan aforesaid, did, knowingly engage in conduct, which if successful, would, constitute the offense of rape in that the Defendant attempted to engage in sexual conduct with another who is not the spouse of the offender, when the other person is less than thirteen years of age, whether or not the offender knows the age of such person, in violation of Ohio Revised Code Sections 2923.02(A) and 2907.02(A)(1)(b), Attempted Rape, a felony of the second degree.
(Indictment filed Oct. 14, 1997, emphasis added). Further, as is apparent from its sentencing entry, the trial court found Roberts guilty of "Attempted Rape, in violation of Ohio Revised Code Sections 2907.02(A)(1)(b) and 2923.03(A), a felony of the second degree." (J.E. 10-7-98).
The Rape statute provides:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
R.C. § 2907.02(A)(1)(b). Further, division (B) of the Rape statute provides:
 (B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life.
* * *
R.C. § 2907.02(B) (emphasis added). Finally, "[a]n attempt to commit . . . an offense for which the maximum penalty is imprisonment for life is a felony of the first degree. An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted." R.C. § 2923.02(E). Accordingly, because a violation R.C. § 2907.02(A)(1)(b) and (B) is punishable by imprisonment for life, an attempted violation of those provisions is punishable as a first-degree felony. R.C. §2923.02(E). Likewise, because a violation of R.C. §2907.02(A)(1)(b) is punishable as a first-degree felony, an attempted violation of R.C. § 2907.02(A)(1)(b) is a second-degree felony.
Here, the trial court clearly found Roberts guilty of an attempted violation of R.C. § 2907.02(A)(1)(b) and classified that offense as a second-degree felony. (J.E. 10-7-98). However, "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. §2929.14(A) (emphasis added). Obviously, the mandatory ten-year prison term the trial court imposed on Roberts here is not among those terms prescribed for second-degree felony offenses. Id.
The state points out, however, that the sentences prescribed in Division (A) of R.C. § 2929.14 shall be imposed, "[e]xcept as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of th[at] section * * *. R.C. § 2929.14(A) (emphasis added). Subsection (D)(3)(a) of that section provides that where an offender
 * * * is guilty of an attempted forcible violation of section 2907.02 of the Revised Code with the victim being under thirteen years of age and that attempted violation is the felony for which sentence is being imposed, the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.
R.C. § 2929.14(D)(3)(a). The State argues, therefore, that this exception to division (A) allowed the trial court to impose a prison term longer than the terms set forth generally for second degree felonies.
 However, subsection (D)(3)(a) of the sentencing statute, which refers only to first degree felony crimes, can only be read to list those particular first-degree felony offenses that the legislature has determined must be punished by a ten-year prison term that cannot be reduced. R.C. § 2929.14(D)(3)(a). This statutory provision does not, as the State contends, allow a trial court to impose a first-degree felony penalty on a second-degree felony offense. Id.
Clearly, the use of force during an attempted rape of a child under the age of thirteen, an offense if completed must be punished by life in prison, is a first-degree felony. See, R.C. §2907.02(A)(1)(b) and (B) and R.C. § 2923.02(E). However, for a trial court to impose first-degree felony punishment, it must find an offender guilty of a first-degree felony crime. Here, the trial court found Roberts guilty of a second-degree felony offense yet sentenced him as if he had been convicted of a first-degree felony offense. Because this sentence exceeds the maximum term allowed for the second-degree felony offense Roberts was found guilty of committing, the trial court entered this sentence in error. See, e.g. State v. Hill (1994), 70 Ohio St.3d 25, 29,635 N.E.2d 1248, 1252; and State v. Tutt (1988), 44 Ohio App.3d 138,541 N.E.2d 1090. Roberts' assignment of error therefore is sustained.
Further, Roberts may have misunderstood the nature of the offense to which he was pleading guilty. Crim. R. 11(C)(2)(a). It appears from the record that the trial court gave Roberts conflicting information in this regard. It is conceivable that there was no meeting of the minds regarding a plea bargain. On remand the trial court may want to revisit this issue should it be raised by the parties.
Judgment reversed and remanded for further proceedings.
HADLEY, J., concurs.
WALTERS, J., concurring separately.