OPINION
Appellant, Jerry D. Agner, appeals a judgment of the Court of Common Pleas of Allen County, on remand from this court, re-sentencing him to a ten-year prison term for his previous conviction. For the following reasons, we affirm the judgment of the trial court.
On January 15, 1999, Appellant was convicted of two counts of trafficking in cocaine in violation of R.C. 2925.03(A) 
(C)(4)(d), each of which are third-degree felonies, and one count of engaging in a pattern of corrupt activity (RICO) in violation of R.C. 2923.32(A)(1), a first-degree felony. On January 20, 1999, Appellant was sentenced to the maximum term of five years in prison on each trafficking conviction, and the maximum term of ten years in prison on the RICO conviction, to be served consecutively for a total of twenty years.
Thereafter, Appellant filed a direct appeal. This court affirmed Appellant's trafficking convictions and reversed the RICO conviction. See State v. Agner, (Oct. 29, 1999), Allen App. No. 1-99-08, unreported. Additionally, we vacated Appellant's original sentence and remanded the matter for re-sentencing because the trial court did not specify the reasons as its grounds for imposing the maximum sentence or the consecutive sentence.
On remand, the trial court conducted a sentencing hearing and again re-sentenced Appellant to five years in prison on each trafficking charge, to be served consecutively for a total of ten years. The court also fined Appellant $10,000 for each trafficking conviction pursuant to R.C. 2925.03(D) (F).
Appellant now appeals the sentence imposed by the trial court, assigning one error for our review.
 The sentence imposed in this case should be reversed because it is not supported by the record and is contrary to law.
 Appellant argues that the trial court erred in re-sentencing him because it did not properly state its reasons for imposing maximum consecutive sentences. Additionally, Appellant argues that the facts are insufficient to support the maximum consecutive sentences. Finally, Appellant argues that his sentence is excessive and constitutes "double counting", because the trial court applied the same reasoning in imposing both the maximum and consecutive sentences.
 With respect to felony sentencing, R.C. 2953.08(G)(1) providesthat a reviewing court may vacate the sentence and remand thematter to the trial court for re-sentencing if the court clearlyand convincingly finds either that "(a) the record does notsupport the sentence; * * * [or] (d) the sentence is otherwisecontrary to law." State v. Gonzalez (June 30, 1999), Allen App.No. 1-98-84, unreported. We note, however, that "[a] sentenceimposed within the statutory limits and upon consideration of thestatutory criteria is generally within the trial court'sdiscretion and will not be reversed on appeal." State v. York(July 9, 1998), Van Wert App. No. 15-98-07, unreported, citingState v. Tutt (1988), 44 Ohio App.3d 138.
Pursuant to Senate Bill 2, enacted July 1, 1996, trial courts are required to make various findings before imposing sentences. This court has held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid."State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported; see also State v. Russell (March 13, 2000), Auglaize App. No. 2-99-38, unreported. In making its findings at the sentencing, the trial court must strictly comply with the sentencing statutes and, when required, must set forth its reasons for imposing a particular sentence. Bonanno, supra, at 6.
 Maximum Sentencing R.C. 2929.14(C) addresses maximum sentencing for offenders who have served previous prison terms, stating:
 (C) Except as provided in division (G) of this section or in Chapter 25 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(d), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 * * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
 In State v. Edmonson (1999), 86 Ohio St.3d 324 at 328, the Supreme Court of Ohio articulated the difference between merely making a finding on the record, and providing reasons for imposing a maximum sentence pursuant to R.C. 2929.19. In doing so, the court noted that making a finding on the record only requires that a trial court specify which statutory ground it has relied upon, i.e. that the offender has committed one of the worst forms of the offense. However, when a statute requires the court to set forth its reasons for imposing a maximum sentence, as does R.C. 2929.19, the court must provide a factual explanation to support its findings. Id. See also Russell, supra.
The sentencing hearing transcript reveals that the trial court found that pursuant to R.C. 2929.14(C), Appellant committed the worst form of the offense, and that he posed the greatest likelihood of committing future crimes. As its reasoning for this finding pursuant to R.C. 2929.19(B)(2)(d), the trial court noted that Appellant had served a prior prison term, and stated that it is evident he has not been rehabilitated. The court also noted the amount of the drugs involved, the dollar amount of the sale, and the fact that Appellant committed the offense for hire or as part of an organized criminal activity.
Therefore, we find that the record sufficiently demonstratesthat the trial court properly set forth its findings pursuant toR.C. 2929.14(C), and its reasons for imposing the maximum sentencepursuant to R.C. 2929.19(B)(2)(d).
 Consecutive Sentencing R.C. 2929.14(E) addresses consecutive sentencing, which states in relevant part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Additionally, the trial court must comply with R.C. 2929.19(B)(2)(c), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
See also Edmonson, supra.
The sentencing hearing transcript reveals that the trial court found that pursuant to R.C. 2929.14(E)(4)(b),(c), the harm caused by Appellant was so great or unusual that no single prison term adequately reflects the seriousness of the conduct, and that Appellant's criminal history demonstrates that consecutive terms are needed to protect the public. Also, pursuant to R.C.2929.19(B)(2)(c) the trial court set forth sufficient reasons for this finding, noting that Appellant was trafficking a substantial amount of contraband and that he has not been rehabilitated since serving his previous prison term.
Therefore, we find that the trial court satisfied the statutorycriteria in both R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) prior toimposing consecutive sentences in this matter.
In addition to the above argument, Appellant claims that the facts are insufficient to support the imposition of maximum consecutive sentences. With respect to appellate review of the sufficiency of the facts, we have previously stated:
 It is our belief that if the legislature had intended to mandate that appellate courts conduct a de novo sentencing in every case, it would have phrased R.C. 2953.08(G) quite differently. Instead, the legislature provided a mechanism by which appellate courts are to 1) review the propriety of the trial court's sentencing decisions, including whether the findings that support a sentence are themselves supported in the record, and 2) substitute our judgment for the trial court's only upon clear and convincing evidence of one of the four errors described by R.C. 2953.08(G).
State v. Martin (June 23, 1999), Crawford App. No. 3-98-31,unreported.
In Martin, we also stated:
 There are strong public policy reasons that support the legislature's decision to restrict our review. It is self-evident that the trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes. It is the trial court who has the opportunity to observe the demeanor of the defendant, and the trial court who is best able to judge the impact of a particular crime upon its victims and society. The sentencing statutes accordingly place the duty to make the relevant sentencing findings upon the trial court. See R.C. 2929.12, 2929.13, 2929.14, and 2929.19. Without specific findings by the trial court, this court's review would be reduced to combing through the trial record in a speculative attempt to discover what factors the trial court may have relied upon in determining the length of a prison term or the conditions of a community control sanction. Post-hoc justification of a sentence by a reviewing court that lacks the ability to hold sentencing hearings is surely not the "meaningful appellate review" that the legislature apparently intended.
 Of the four reasons cited in R.C. 2953.08(G), the only ones applicable herein are whether the record does not support the sentence, and whether the sentence is otherwise contrary to law. After reviewing the record, we cannot clearly and convincingly find that the trial court erred in either respect. The record is replete with facts, which support its decision to impose maximum consecutive sentences. As we stated in Martin, supra, the trial court is in the best position to weigh the facts and sentence an offender accordingly. Our role is to determine whether the trial court's findings are supported by facts in the record. Because we find that they are, we will not substitute our judgment for that of the trial court.
Finally, Appellant cites United States v. Romano (6th Cir. 1992), 970 F.2d 164 to support his argument that the trial court erred by imposing maximum consecutive sentences. Specifically, Appellant argues that the trial court found both that the harm caused by the offenses was "so great or unusual" pursuant to R.C.2929.14(E)(4)(b), and that Appellant committed one of the "worst forms of the offense" pursuant to R.C. 2929.14(C). Thus, he claims that he is being penalized for the same conduct under separate provisions of the sentencing statutes.
We find, however, that Romano is inapplicable to the factsherein. In Romano, the appellant argued that the district court erred by enhancing his sentence in violation of the federal sentencing guidelines. Initially, we note that the federal sentencing guidelines differ markedly from the Ohio sentencing guidelines. The federal sentencing guidelines operate under a rigid system, whereby a defendant is categorized in a particular level depending on the nature of the offense, and then sentenced accordingly. Essentially, under the federal scheme, the sentences are fixed for each offense level.
Conversely, under the Ohio sentencing guidelines, trial courts do not classify defendants within a particular offense level. Instead, trial courts are obligated to set forth a series of findings pursuant to R.C. 2929.14, and the reasoning for those findings pursuant to R.C. 2929.19. Nevertheless, Appellant maintains that pursuant to Romano, the trial court cannot consider the same criteria in imposing both maximum and consecutive sentences. We disagree.
Despite Appellant's argument to the contrary, R.C. 2929.14(C) and 2929.14(E)(4)(b) operate harmoniously. Notwithstanding the fact that the trial court considered the seriousness of Appellant's crime in imposing the maximum sentence pursuant to R.C. 2929.14(C), the court is not precluded from considering the same criteria when imposing consecutive sentences pursuant to R.C.2929.14(E)(4)(b).
 R.C. 2929.14(E)(4) * * * admonishes the court to exhaust the maximum of concurrent sentences before imposing consecutive sentences because of the severity of the offense, but permits consecutive sentences if the gravity of the offender's conduct is so great or unusual that a maximum sentence will be inadequate punishment.
 Burt W. Griffin Lewis R. Katz, Ohio Felony Sentencing Law T 7.9 (West, 3d ed. 1999).
Thus, the imposition of consecutive sentences is merely a potential waypoint in the continuum of sanctions provided under Ohio felony sentencing laws, which is reserved for those cases where it is necessary to protect the public or to punish the offender proportionately. It is not, as Appellant suggests, a separate punishment above and beyond a maximum sentence that requires the trial court to set forth independent reasoning for support. Therefore, we find that the trial court did not error by considering the gravity of Appellant's offense in imposing both the maximum and consecutive sentences.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, inthe particulars assigned and argued, we affirm the judgment of thetrial court.
HADLEY, P.J., and BRYANT, J., concur.