DECISION AND JUDGMENT ENTRY
This is an appeal from the Washington County Court of Common Pleas, in which Defendant-Appellant William D. McFall, Jr., pled guilty to possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A). The trial court sentenced appellant to the maximum term of imprisonment available for the offense, a definite term of twelve-months imprisonment. Additionally, the court issued a five-year suspension of appellant's driving privileges, commencing on his release from prison, and post-release control.
Appellant argues that the lower court erred in sentencing appellant to a term of imprisonment. Appellant also argues that, even if a term of imprisonment was a viable sentence, the lower court erred in imposing the maximum term of imprisonment.
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
Our review of the record reveals the following facts pertinent to the instant appeal.
On March 12, 1999, Defendant-Appellant William D. McFall, Jr., and Gary L. Raper, who is not a party in this action, were arrested after each purchased a pound of marijuana from a confidential informant who had agreed to work with the Marietta Police Department.
On May 13, 1999, appellant was indicted by a Washington County Grand Jury on two counts: (1) preparation of drugs for sale, a fourth-degree felony, in violation of R.C. 2925.07; and (2) possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A).
On May 19, 1999, at his arraignment in the Washington County Court of Common Pleas, appellant entered a plea of not guilty to the indicted offenses.
On August 23, 1999, appellant, as a result of a plea agreement with the state, entered a change of plea. According to the agreement, the state moved the lower court to dismiss the preparation-of-drugs-for-sale charge, which the lower court granted. In exchange, appellant entered a plea of guilty to the possession-of-drugs charge.
On September 28, 1999, the trial court held a sentencing hearing. The trial court permitted appellant to make a statement and submit mitigating evidence. Although appellant chose not to make a statement or submit mitigating evidence, his attorney did speak on his behalf, requesting the court to impose the minimum sentence. The court then considered statutory guidelines and criteria in rendering its decision to impose the maximum term of imprisonment on appellant for this offense, a definite term of twelve-months imprisonment. The court also issued a five-year suspension of appellant's driving privileges, commencing on his release from prison, and post-release control.
Appellant filed a timely appeal assigning the following error for our review.
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT AVAILABLE UNDER R.C. 2925.11(A) (C)(3)(c), WHERE APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM.
Appellant's sole assignment of error raises two challenges to the sentence imposed by the lower court. First, he argues that it was error to sentence appellant to a term of imprisonment. Second, appellant argues that even if a term of imprisonment was a viable sentence, the lower court erred in imposing the maximum term of imprisonment. We will address these arguments in turn.
 I.
We begin by addressing whether the trial court abused its discretion in sentencing appellant to imprisonment.
The General Assembly has provided numerous guidelines and criteria in the Ohio Revised Code to aid a trial judge in arriving at an appropriate sentence for a particular offense. When reviewing the sentence of a trial court, an appellate court should defer to a trial court's exercise of discretion as long as "the sentence imposed is within the statutory limit and the trial court considered the statutory criteria." State v.Overmyer (2000), Paulding App. No. 11-2000-07, unreported; State v. Tutt
(1988), 44 Ohio App.3d 138, 541 N.E.2d 1090; see State v. Ramirez
(1994), 98 Ohio App.3d 388, 648 N.E.2d 845 (explaining that "an appellate court will uphold the trial court's sentencing absent an abuse of discretion"). Further, absent a contrary showing in the record, it should be presumed that the lower court considered the necessary criteria. SeeRamirez, 98 Ohio App.3d at 388, 648 N.E.2d at 845. Accordingly, to evaluate whether the trial court abused its discretion in sentencing appellant, we will examine the lower court's observance of applicable statutory guidelines and criteria.
Appellant was convicted for the possession of drugs, in violation of R.C. 2925.11(A) stating that "[n]o person shall knowingly obtain, possess, or use a controlled substance". Subsection (C) of this statute categorizes the offense based on the extent of the violation. See R.C.2925.11(C). In the instant matter, subsection (C) categorizes the violation committed by appellant to be a fifth-degree felony. See R.C.2925.11(C)(3)(c), which states that "[i]f the amount of the drug involved equals or exceeds two hundred grams but is less than one thousand grams, possession of marihuana is a felony of the fifth degree." Further, subsection (C) instructs that "division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." R.C. 2925.11(C)(3)(c).
R.C. 2929.13(B)(2)(a) explains that the trial court should make four inquiries before imposing a prison sentence. First, the court should determine whether any of the factors set forth in R.C. 2929.13(B)(1) are present. Second, the court should "consider the factors set forth in [R.C. 2929.12]." Third, the lower court should consider whether "a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11]." R.C. 2929.13(B)(2)(a). Fourth, and finally, the trial court should consider whether the offender is "amenable to an available community control sanction." R.C. 2929.13(B)(2)(a). We will address each inquiry, in relation to the judgment of the lower court, in turn.
First, we consider R.C. 2929.13(B)(1). This division provides a trial court with eight factors to consider in sentencing a defendant. Here, the lower court found that appellant satisfied two of these: (1) "[t]he offender committed the offense * * * as a part of an organized crime activity"; and (2) "[t]he offender committed the offense * * * while on probation * * *." R.C. 2929.13(B)(1)(e) and (h).
Appellant challenges the trial court's determination that the marijuana was purchased as part of an "organized crime activity." Because this finding was not objected to in the trial court, this argument was not preserved in the record below, and we find no reason to address it since it cannot be initially raised in this court.
Appellant does not challenge the fact that he committed the offense while on probation. As R.C. 2929.13(B)(2)(a) requires a finding that "any" of the factors are met, a finding of just one factor satisfies this inquiry. See State v. Agbesua (Jan. 5, 2001), Greene App. No. 2000 CA 23, unreported (explaining that "[w]e have stated that R.C. 2929.13 does not give rise to a presumption against imposing a prison sentence for a fifth or fourth degree felony even if none of the eight factors listed in R.C. 2929.13(B)(1) are met").
Second, we address whether the lower court properly considered the factors as set forth in R.C. 2929.12. This section provides, in relevant part, the following.
 [A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors * * * of this section relating to the seriousness of the conduct and the factors * * * of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
R.C. 2929.12.
In issuing its decision, the trial court evidenced its compliance with this section in its journal entry.
Whereupon, the Court has considered the record, oral statements, and pre-sentence report, received by the Court on September 24, 1999, as well as the principles and purposes of sentencing under the Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors in Ohio Revised Code Section 2929.12.
Third, we address whether the lower court considered the purposes and principles as set forth in R.C. 2929.11. In pertinent part, this section provides that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). As evidenced in the foregoing excerpt from the trial court's journal entry, it is clear that the court also considered this section in making its determination.
Fourth, and finally, we address whether the lower court considered whether the offender was "amenable to an available community control sanction." R.C. 2929.13(B)(2)(a). The transcript of the sentencing hearing evidences that the lower court, in response to a request by appellant's attorney to consider community control sanctions, explained in detail its reasoning for imposing the prison term.
The Court finds that the shortest term possible would demean the seriousness of the offense, it would not adequately protect the public and, therefore, I impose more than the minimum term. I also find that he poses the greatest likelihood of recidivism and, therefore, I impose the maximum term.
We find that the lower court adequately addressed the fourth inquiry under R.C. 2929.13(B)(2)(a). The lower court's impression that appellant poses a great risk of recidivism, as well as a threat to the public, weighs heavily against the effectiveness of community control sanctions.
We find that the trial court adequately considered the statutory criteria in imposing the sentence. Therefore, we cannot say that the trial court abused its discretion in sentencing appellant to a term of imprisonment.
 II.
We next address whether the trial court abused its discretion in sentencing appellant to the maximum term of imprisonment available for appellant's particular offense.
R.C. 2929.14 sets out guidelines and criteria to aid trial judges in determining the length of a prison term. Specifically, R.C. 2929.14(A)(5) provides that, "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." (Emphasis added.) R.C. 2929.14(A)(5).
R.C. 2929.14(C) goes on to explain that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." (Emphasis added.) R.C. 2929.14(C).
The transcript of the sentencing hearing documents the trial court's consideration of R.C. 2929.14(C). The lower court clearly considered the seriousness of the offense. "[Appellant] purchased over a pound of marijuana for one thousand dollars, and his statement to the — shows no remorse in his statement to the probation officer who prepared the report. He stated, `I should be allowed to smoke dope.'" The court also stated that "[t]he Court finds that the shortest term possible would demean the seriousness of the offense."
Further, the transcript of the sentencing hearing also evidences the lower court's impression that appellant posed a risk of committing future crimes. Specifically, the court explained that "I also find that he poses the greatest likelihood of recidivism and, therefore, I impose the maximum term."
Again, we find that the trial court adequately considered the pertinent statutory criteria in imposing the sentence. Therefore, we cannot say that the trial court abused its discretion in sentencing appellant to the maximum term of imprisonment.
Therefore, appellant's sole assignment of error is overruled, and the judgment of the Washington County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.
 __________________________________ David T. Evans, Judge