JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Theodore Georgakopoulos ("Georgakopoulos") appeals from the decision of the trial judge who sentenced him to a four-year term of incarceration. Georgakopoulos pled guilty to money laundering, a violation of R.C. 1315.55, a third degree felony, and two first degree misdemeanors, operating a gambling house.
 {¶ 2} For the reasons that follow, we affirm.
 {¶ 3} The following facts give rise to this appeal.
 {¶ 4} Georgakopoulos faced a 107-count indictment for his involvement in the operation of unregistered charities run by his father. Prior to trial, Georgakopoulos pled guilty to three of those counts with the remaining counts being dismissed. The trial judge sentenced him to a term of four years in prison. He advances two assignments of error for our review.
 {¶ 5} "First Assignment of Error. The trial court erred in sentencing the appellant to a four-year sentence for a third degree felony as he had not previously been sentenced to a prison term."
 {¶ 6} R.C. 2929.14(A)(3) provides the allowable range of prison terms for third degree felonies as being anywhere from one to five years. R.C. 2929.14(B) provides "* * *[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} We are asked to determine if the trial judge made the necessary findings to permit her to sentence Georgakopoulos to a prison term for a third degree felony that exceeded the minimum one-year term.
 {¶ 8} The trial judge made the following comments prior to sentencing Georgakopoulos to a four-year term:
 {¶ 9} "I am well familiar with this case. * * * [Y]ou have a very bad record that includes approximately 16 juvenile convictions and 5 adult misdemeanor convictions. These convictions span a number of counties in Ohio. In addition, a great amount of money has been lost in this case. * * * You and your family victimized a lot of people. * * * [T]he money has still not been recovered and it's still missing. Therefore, the court believes that the minimum term demeans the seriousness of your conduct in this case."
 {¶ 10} Georgakopoulos' argument here is that "[t]he record in this matter does not support the near maximum sentence of four years." He then argues various factors that he claims weigh against the four-year sentence. However, both the opinion of Georgakopoulos, as well as the opinion of this court, about the result of weighing the various factors involved in his case in determining his sentence are subordinated to that of the trial judge. Without clear and convincing evidence that the trial judge's sentence is not supported by the record, an appellate court must affirm the trial court's sentence. State v. Garcia (1998),126 Ohio App.3d 485.
 {¶ 11} The court fully complied with R.C. 2929.14(B) by not only stating that a minimum sentence would demean the seriousness of Georgakopoulos' conduct, but by preceding that comment with specific findings to support it.
 {¶ 12} Finally, the trial judge is merely required to make findings supporting her departure from the minimum sentence, and no specific "magic words" are required. State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 13} This assignment of error is overruled.
 {¶ 14} "Second Assignment of Error. The trial court failed to engage in a proportionality analysis as required by R.C. 2929.11(B)."
 {¶ 15} R.C. 2929.11(B) reads as follows: "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 16} Georgakopoulos argues that the trial judge did not "engage in even a cursory evaluation of the proportionality of the appellant's case to those who have been similarly convicted and sentenced, including co-defendant's (sic) in this case."
 {¶ 17} There has been considerable discussion and debate in legal circles regarding the true meaning and scope of the language in R.C.2929.11(B). A number of courts and legal scholars have analyzed the impact of R.C. 2929.11(B).
 {¶ 18} For instance, the court in State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, applied principles set forth in an article by Judge Burt Griffin and Professor Lewis Katz clarifying for appellate courts the basic principles for achieving the overriding purpose of felony sentencing as: (1) reasonableness, (2) proportionality, and (3) consistency. Id., citing Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1, 12.
 {¶ 19} In applying those principles, the court, citing Griffin and Katz, stated that "[t]he Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Ryan, supra (internal citations omitted).Further, the analysis noted: "An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Absent such data, however, appellate courts can still compare similar cases for consistency in sentencing." Id.
 {¶ 20} Much of the debate surrounding felony sentencing arises from the relationship between R.C. 2929.11(B) and R.C. 2929.14(E)(4). This court has addressed this issue by stating that "[d]espite the intimate relationship between R.C. 2929.11 and R.C. 2929.14(E)(4), a distinction exists. While R.C. 2929.14(E)(4) demands the trial court make findings on the record to support the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to achieve." State v.Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
 {¶ 21} The fact that R.C. 2929.11(B) does not require findings does not mean that the trial court can ignore reasonableness, proportionality, and consistency; rather, these are the basic principles necessary to achieve the overriding purpose of felony sentencing. Griffin and Katz, supra.
 {¶ 22} Once the principles are set forth, the question of who is responsible for ensuring that these principles are followed must be addressed. In Lyons, supra, we stated that "[i]t is the trial court's responsibility to insure that it has the appropriate information before it when imposing a sentence in order to comply with the purposes of felony sentencing." State v. Lyons, Cuyahoga App. No. 80220,2002-Ohio-3424. This decision has been viewed by some to mean that the trial judge must go out and obtain all possible data, real or imagined, in order to satisfy the stated principles. A careful reading, however, reveals that Lyons recognized the challenge of actually obtaining meaningful information. The court stated, "We are hopeful, however, that with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Id. Thus, Lyons, while assigning the trial court the burden of completing the analysis, also recognized that the evaluation would be limited to "* * * the resources available to it * * *." Id. Thus, there is no specific roadmap or magic formula to use to determine how the principles are achieved or what method should be used in getting there.
 {¶ 23} Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. This court has already noted, "that the parties failed to cite any evidence, by way of a database or otherwise, setting forth sentences imposed by the court of common pleas trial judges on similar offenders for similar offenses. The appellant's citation to a mere three cases he believes are similar is not sufficient to convince this court that the appellant's sentence was disproportionate. There is at present no instrument by which to assess proportionality within the trial court, let alone proportionality between the Cuyahoga County Court of Common Pleas and the common pleas courts of other counties." State v. Johnson,
Cuyahoga App. No. 80533, 2002-Ohio-5960. Case law in this district thus supports the notion that there is no formalized process in place that predetermines proportionality, consistency, and reasonableness.
 {¶ 24} That notion can be seen again in State v. Harris (June 7, 2001), Cuyahoga App. No. 78241, where this court cited State v. Tutt
(1988), 44 Ohio App.3d 138, for the proposition that a sentence imposed within the statutory limits and upon consideration of the statutory criteria is generally within the trial court's discretion and will not be reversed on appeal. The court concluded that because the sentences here are within the statutory limits and because of the trial court's comments throughout the sentencing, the sentence was reasonably calculated to achieve the two overriding principles set forth in R.C. 2929.11(A) and did not violate the proportionality principle provided in R.C. 2929.11(B).Harris, supra. Although this court cited an earlier opinion from another district, other districts in more recent opinions still continue to give trial courts what can be best described as broad, but guarded, discretion in their respective evaluations of individual conduct at sentencing.
 {¶ 25} For instance, the court in State v. Newman, Ashtabula App. No. 2002-A-0007, 2003-Ohio-2916, stated that "[w]e agree, it is a trial court's duty to insure that it has the necessary information before it to comply with the sentencing statutes. However, we note that a trial court has broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. We are aware of no requirement that a trial court needs to cite specific cases on the record when conducting the analysis required by R.C. 2929.11(B)."
 {¶ 26} The Ninth District stated: "It is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of `consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment." State v. Quine, Summit App. No. 20968,2002-Ohio-6987.
 {¶ 27} When reviewing a trial court's proportionality analysis, we review the record to determine if it demonstrates the trial court failed to consider the purposes and principles of R.C. 2929.11. State v.Bolton, supra. It is important to reiterate, however, that R.C. 2929.11(B) is not a rigid checklist of requirements, but merely a guideline for courts to follow. "[B]oth before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him [or her] in determining the kind and extent of punishment to be imposed within limits fixed by law. * * * [That practice recognizes] the need for individualized sentencing * * *."Ohio v. Russell (June 30, 1998), Athens App. No. 97 CA 37.
 {¶ 28} Any move toward a checklist requirement for trial courts would diminish the individuality of sentencing analysis causing disparate sentences both against and in favor of defendants. In fact, any such requirement violates a defendant's right to due process. As we stated earlier, trial courts exercise broad, but guarded, discretion within the framework of the guidelines outlined by reasonableness, proportionality and consistency under R.C. 2929.11(B).
 {¶ 29} Our review of the record does not demonstrate that the trial court failed to consider the purposes and principles of R.C. 2929.11
in sentencing Georgakopoulos. In addition, the imposition of a four-year sentence for a plea of guilty to a third degree felony and two misdemeanor offenses involved in Georgakopoulos' case is not grossly disproportionate to the underlying crimes. This court has previously "declined to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality." State v. Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244. In this instance, the comparable sentences imposed on the co-defendants reinforce the view that the sentence Georgakopoulos received was proportionate. Appellant's father was convicted of a first degree felony and received a six-year sentence; appellant's mother received a three-year sentence for a third degree felony.
 {¶ 30} This assignment of error is overruled.
ANN DYKE, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.