ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
Defendant-appellant Radi Elder appeals the sentence imposed by the trial court. For the reasons set forth below, we affirm the trial court's decision.
On July 20, 2000, Elder, Yazeid Tayeh, and Nadeel Othman sexually attacked a sixteen-year-old girl. The men met the victim at the Humidor bar in the Warehouse District of Cleveland. While at the bar, the victim portrayed herself as an eighteen-year-old and became very intoxicated. The men took her to an apartment where each engaged in sexual activity with her.
Elder maintains that he did not physically attack or penetrate the victim, but he admits that he did engage in sexual activity with her even though she was impaired. He alleges that he left the apartment shortly after his sexual encounter with the victim.
The victim maintains that she was carried from the bar to the men's car because she was unable to walk. The men tricked her into going to the apartment by telling her that her friends would be there as well. While at the apartment, the men attempted to engage in oral sex with her and grabbed her as she attempted to fight them off.
The victim identified Yazeid Tayeh as her primary attacker. Elder and Othman maintain that the physical harm suffered by the victim was caused solely by Yazeid Tayeh.
Yazeid Tayeh was the first one charged, and he pled guilty to two counts of rape, receiving a five-year sentence in exchange for providing the police with Elder's name and the names of the other men involved. After finding out that Tayeh pled guilty, Elder called Tayeh's girlfriend and threatened the families of Tayeh and his girlfriend.
In April 2001, Elder was charged with one count of rape, one count of sexual battery, one count of gross sexual imposition, and one count of kidnapping. Elder was later charged with one count of intimidation.
In November 2001, Elder pled guilty to an amended charge of sexual battery and to intimidation, and the remaining counts were nolled. The matter was then referred for a presentence investigation report. On December 14, 2001, the court sentenced Elder to concurrent terms for each offense. The trial court imposed a term of five years on the sexual battery charge and one year on the intimidation charge.
Elder raises the following assignments of error on appeal:
 I. WHETHER THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE TERM OF INCARCERATION.
 A. Whether the trial court made the requisite findings, in accordance with O.R.C. 2929.14 (C), to impose the longest term of incarceration.
Elder maintains that the trial court failed to meet the statutory requirements for imposing a maximum sentence.
R.C. 2929.14(C) establishes the public policy disfavoring maximum prison terms except for the most deserving offenders. See, State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131, 135; State v. Gonzales (Mar. 15, 2001), Cuyahoga App. No. 77338.
Elder disputes that the trial court complied with the statutory sentencing requirements in imposing the longest terms allowed. However, the court made a category finding under R.C. 2929.14(C), and gave its reasons under R.C. 2929.19(B)(2)(d) for imposing the longest term.
R.C. 2929.14(C) provides:
 The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense * * *.
The trial court made the requisite category finding by stating on the record that Elder committed the worst form of the offense.
In addition to the required category finding under R.C. 2929.14(C), the sentencing judge must provide for the record the reasons for said category finding. See Edmonson, 86 Ohio St.3d at 326.
The trial court gave the following reasons for its finding:
 The damages that occurred to this woman's body, which are the tears to her vagina and her anus, and the attempted suicide, the psychological damage and physical damage which resulted in her trying to commit suicide and having to spend time in Laurelwood Hospital, and she had a bite on her nipple, that is pretty, pretty bad. So I am going to find it is the worst form of the offense, for the reasons that I have stated.
Elder maintains that the hospital records do not support the facts relied on by the trial court in making her determination that Elder's actions constituted the worst form of the offense.
It is true that the record does not support all of the trial court's findings regarding the extent of injuries suffered by the victim.
First, the suicide attempt and psychological hospitalization referenced by the trial court took place prior to the incident in question. Accordingly, the trial court erred in attributing these incidents to Elder's actions.
Next, although the medical report notes that the victim had microtears to her vagina, it also lists the condition of her vagina as normal. Further, the report notes that there were no tears or abrasions to her labia, hymen, anus, or rectum. Thus, the trial court erred in stating that said injuries existed.
Nonetheless, the medical report does show that the victim had bruises and scrapes on her elbows, knees, back, thigh, and breast. The report also noted that the victim appeared distraught and tearful. Thus, there was evidence to support a finding that the victim suffered physical and psychological harm.
Further, evidence exists in the record to support the court's finding this the worst form of the offense. The victim in this case was sixteen years old, she was highly intoxicated when taken to an apartment where several males took sexual advantage of her, and she suffered physical harm. Clearly, the circumstances of this case support the trial court's finding that this was the worst form of the offense.
Despite the factual errors made by the trial court during sentencing, sufficient reasons exist which support a finding that this was the worst form of the offense.
 B. Whether the appellant's conduct in the instant matter was less egregious than the conduct that could justifiably be deemed the worst form of the offense of sexual battery.
Elder argues that his sentence was disproportionate to sentences imposed on similar offenders. He maintains that his sentence was contrary to the purposes and principles of felony sentencing as set forth in R.C.2929.11(B) which requires that a sentence be consistent with sentences imposed for similar crimes committed by similar offenders. Id., see also, State v. Andrejick Cuyahoga App. No. 79700, 2002-Ohio-1649.
While consistency is an aim of sentencing, a court has broad discretion when considering the sentencing factors set forth in the Revised Code, and an appellate court cannot modify or vacate a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. See State v. Yontz (1986),33 Ohio App.3d 342; R.C. 2953.08(G).
Elder has failed to cite to any evidence, by way of database or otherwise, setting forth sentences imposed by the court of common pleas judges on similar offenders for similar offenses. Elder's citation to a few cases which he believes are similar are not sufficient to convince this court that his sentence was disproportionate.
Here, the sentence imposed was within the statutory limits and as noted above, the trial court fully complied with R.C. 2929.14(C). Accordingly, the trial court did not violate the proportionality principle provided in R.C. 2929.11(B). See State v. Harris (June 7, 2001), Cuyahoga App. No. 78241, citing, State v. Tutt (1988), 44 Ohio App.3d 138.
Thus, Elder's first assignment of error is without merit.
 II. WHETHER THE TRIAL COURT ERRED WHEN IMPOSING SENTENCE UPON APPELLANT FOR HIS PLEA OF GUILTY TO SEXUAL BATTERY, A LESSER INCLUDED OFFENSE OF HIS ORIGINAL CHARGE OF RAPE, BY IMPROPERLY RELYING ON THE HIGHER OFFENSE OF RAPE, EVEN THOUGH THE ELEMENTS OF SAID OFFENSE WERE NEVER PROVEN (BY A PREPONDERANCE OF THE EVIDENCE).
Although Elder was charged with the crime of rape, he pled guilty to the lesser charge of sexual battery as part of a plea bargain. Elder argues that during the course of sentencing, the trial court erred by relying on the rape charge rather than the lesser charge to which he pled guilty.
Here, the trial court sentenced Elder, Monier Tayeh, and Nadeel Othman at the same hearing. However, each defendant was sentenced separately.
While sentencing Tayeh and Othman, the trial court made obvious references to rape. During Tayeh's sentencing the trial court stated that these men forcefully had sex with this girl. And, during Othman's sentencing the trial court stated as follows:
 [T]echnically I am looking at you as a sexual battery, but from the review of the reports and the review of statements from the victim and from her family, what happened to her is outrageous. The damage to this girl's rectum, to her vagina. She had a cut nipple. She had bruises on her body. She said that you guys put drugs into her and you basically all gang raped her.
However, the trial court made no such comments while sentencing Elder.
As this court explained in State v. Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072:
 Notwithstanding that an offense has been plea bargained to a lesser offense, presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. * * * Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense.
 Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.
Id., citing Griffin Katz, Ohio Felony Sentencing Law (2000 ed.) at 450-451; see also, State v. Wright (Mar. 2, 2000) Cuyahoga App. No. 76596 and State v. Rose (Sept. 15, 1997), 12th Dist. No. 96-11-106.
In sentencing Elder, the trial court referenced the facts set forth in the presentence investigation report. Under the circumstances, Elder has not shown that the trial court considered any improper fact or that his sentence was not within the limits for the charge of sexual battery to which he pled guilty. Thus, Elder's second assignment of error is without merit.
 III. WHETHER THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, IN VIOLATION OF O.R.C. 2951.03(B)(5), BY FAILING TO EITHER MAKE A FINDING AS TO THE FACTUAL INACCURACY IN THE PRESENTENCE INVESTIGATION REPORT OR TO MAKE A DETERMINATION THAT NO FINDING WAS NECESSARY WITH RESPECT TO SAID INACCURACY.
R.C. 2951.03 governs the use of presentence investigation reports in felony cases. It provides in pertinent part:
(B) * * *
 (2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.
* * *
 (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
(a) Make a finding as to the allegation;
 (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.
At the sentencing hearing, Elder's counsel notified the court that the presentence investigation report stated that Elder had five prior misdemeanor offenses, when in fact he had only three prior misdemeanor offenses.
The court made no finding regarding the allegation, nor did it make a determination that a finding was unnecessary.
This matter is similar to that in State v. Jackson (Mar. 30, 2001), 6th App. No. E-00-023. As in Jackson, Elder failed to present any evidence to substantiate his claim that there were errors in the report. Despite the fact that the defendant merely made a bare assertion that the report was inaccurate, the Jackson court found that once the issue was raised, the court had an obligation under R.C. 2951.03(B)(5) to investigate the issue and determine whether there were any errors or whether the accuracy of the report was relevant to the sentencing hearing.
However, in Jackson the court quoted the defendant's criminal record while imposing the defendant's sentence. Further, the court then stated that its decision was based in part upon that record.
In the instant case, the trial court never addressed the presentence investigation report other than to state that it had reviewed it prior to the sentencing hearing. Furthermore, it never mentioned Elder's prior criminal record in imposing the sentence.
Accordingly, we find that the trial court's failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) was harmless error because "the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report." State v. Persons (Apr. 26, 1999), Washington App. No. 98-CA-19, citing, State v. Griffin, (Feb. 12, 1998), Washington App. No. 97-CA-17. Thus, Elder's third assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and TERRENCE O'DONNELL, J. CONCUR