OPINION
{¶ 1} Defendant-appellant Anthony R. Contini [hereinafter appellant] appeals his conviction and sentence in the New Philadelphia Municipal Court on one count of aggravated menacing, in violation of R.C. 2903.21, one count of driving under an FRA suspension, in violation of R.C. 4507.02(C), and one count of improper transportation of a firearm in a motor vehicle, in violation of R.C. 2923.16(B).
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged with one misdemeanor count of domestic violence, in violation of R.C. 2919.25, one misdemeanor count of reckless operation of a motor vehicle, in violation of R. C. 4511.20, one misdemeanor count of driving under an FRA suspension, in violation of R.C. 4507.02, and one felony count of carrying a concealed weapon, in violation of R.C. 2923.12. The charges arose from an incident on April 9, 2001, in which appellant waited for his ex-girlfriend [hereinafter the victim] at her car which was parked in the Kent State University, New Philadelphia Campus parking lot.[1] The appellant and the victim had been in a long-term relationship that had ended. Appellant went to the parking lot to demand the return of certain items of personal property. When the victim refused, appellant grabbed her wrists and forced her to the ground. The victim got free, got in her automobile and attempted to drive away. However, appellant attempted to block her path. The victim managed to get past appellant. Appellant got back in his automobile and chased the victim into another parking lot, at a high speed. The victim approached a building and began blowing her automobile horn to attract attention. Appellant jumped out of his automobile, ran to the victim's automobile door and attempted to gain access. Appellant was screaming at the victim as he did so. Appellant kicked the victim's automobile and continued to scream at her. When men approached, appellant got back in his automobile and drove away recklessly. Police were summoned to the scene.
 {¶ 3} Subsequently, appellant phoned the New Philadelphia Police Department and claimed that the victim had just tried to run him over at Kent State and had taken some items from his home. Appellant was told to come to the police station to file a report.
 {¶ 4} Appellant arrived at the police station as a passenger in the automobile. Upon receiving information that appellant may have weapons in the car, the officer asked the driver of the automobile for permission to search the vehicle. The driver consented. The officer found a loaded 9mm handgun under the front passenger seat and several boxes of ammunition in the automobile.[2]
 {¶ 5} On November 9, 2001, appellant pled no contest to an amended charge of aggravated menacing, in violation of R.C. 2903.21(an M1) and driving under FRA suspension, in violation of R.C. 4507.02(C) (an M1). Subsequently, on December 24, 2001, appellant entered a plea of no contest to improper transportation of a firearm in a motor vehicle, in violation of R.C. 2923.16(B) (an M1).[3] All other charges were dismissed.
 {¶ 6} The trial court accepted appellant's pleas and found appellant guilty on each charge. The trial court ordered a presentence report. Subsequently, appellant was sentenced to 180 days in jail and ordered to pay a $500 fine plus court costs. The trial court suspended 120 days of the jail sentence in favor of a five-year term of probation, which included the following relevant terms: 1. Serve the balance of the non-suspended 60 days in jail (57 days after credit for 3 days already served); 2. Submit to assessment and treatment with an alcohol and drug addiction center.
 {¶ 7} It is from his conviction and sentence that appellant appeals, rasing the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A JAIL SENTENCE UPON THE DEFENDANT-APPELLANT WHERE APPLICATION OF THE GENERAL FACTORS OF REVISED CODE SECTION 2929.22 AND OF THE MITIGATING FACTORS OF SECTION 2929.12(C) WOULD WEIGH HEAVILY TOWARD A SUSPENDED SENTENCE.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING, AS A TERM AND CONDITION OF PROBATION, A REQUIREMENT THAT THE APPELLANT COMPLETE AN ASSESSMENT AND TREATMENT FOR ALCOHOL AND DRUG DEPENDENCY WHERE THERE WAS NO EVIDENCE OR INDICATION OF ALCOHOL OR DRUG USAGE."
 I {¶ 10} In the first assignment of error, appellant argues that the unsuspended 60 day jail term was excessive. Appellant contends that the trial court did not properly consider the sentencing criteria set forth in R.C. 2929.22 and R.C. 2929.12. We disagree.
 {¶ 11} "It is well established that a trial court has broad discretion in imposing a sentence on a defendant." Columbus v. Jones
(1987), 39 Ohio App.3d 87, 529 N.E.2d 947. The statutory criteria of R.C. 2929.22 provide a guide in exercising sentencing discretion. Statev. Wagner (1992), 80 Ohio App.3d 88, 608 N.E.2d 852.[4]
 {¶ 12} Generally, a court of appeals will not reverse a trial court's exercise of sentencing discretion if the sentence is within the statutory limit and the court considered the statutory criteria. Statev. Riffle (Aug. 9, 2002), Fairfield App. No. 01CA53, 2002-Ohio-4265 (citing State v. Tutt (1988), 44 Ohio App.3d 138, 139, 541 N.E.2d 1090). The sentence imposed is within the statutory limits.
 {¶ 13} Upon review of the record, we find that the trial court did not abuse its discretion when it failed to suspend 60 days of appellant's 180 day sentence. Appellant's conduct put the public at risk, showed an extreme lack of ability to control anger, which was made more serious by appellant's access to weapons and his failure to end his attack until approached by bystanders.
 {¶ 14} Appellant's first assignment of error is overruled.
 II {¶ 15} In the second assignment of error, appellant contends that the trial court abused its discretion when it ordered appellant to complete an alcohol and drug dependency assessment and treatment program as a term of probation. We disagree.
 {¶ 16} A trial court is vested with discretion in determining the proper conditions of probation. R.C. 2951.02; State v. Jones (1990),49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. Revised Code 2951.02(A)(1) provides the following factors that should be considered in determining the appropriate conditions of probation:
 {¶ 17} "the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender."
 {¶ 18} Appellant argues that the term of probation was based solely on the victim's assertions and that the probation department did not investigate to confirm the victim's claims. Appellant denies improper drug or alcohol involvement and claims that the only indication of drug or alcohol use was a 2000 conviction for possession of marijuana. Appellant argues that the victim's assertions are not enough upon which to base the requirement for assessment and treatment.
 {¶ 19} A sentencing court is to consider the offender's history in determining the conditions of probation. See R.C. 2951.02(A)(1). The victim and her family stressed a great need for both alcohol and drug treatment to the investigating probation officer. According to the probation officer, the victim told the probation officer that it was a major concern of the victim. Appellant admits that he has had a long term relationship with the victim. Therefore, it is reasonable to believe that the victim and her family know appellant's personal history with drugs and alcohol. We find that trial court did not abuse its discretion in imposing a condition that appellant submit to alcohol and drug assessment and treatment.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} The judgment of the New Philadelphia Municipal Court is affirmed.
By Edwards, J., Hoffman, P.J. and Gwin, J. concurs.
Topic: DV — Abuse of Discretion
[1] The facts as found by the trial court are derived from witnesses' statements and a presentence investigation report.
[2] Appellant concedes that there were additional replica or antique firearms located in the luggage compartment but no charges were brought regarding these weapons.
[3] This was the result of a plea bargain in which the felony carrying a concealed weapon charge was dismissed.
[4] Revised Code 2929.22 provides the following, in relevant part:
 "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 "(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
"(a) The offender is a repeat or dangerous offender.
 "(b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 "(c) The offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(2) If the offense is a violation of section 2919.25
or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
 "(C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 "(D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor."