JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Daniel Johnson appeals from his sentence imposed subsequent to his plea to one count of sexual battery in violation of R.C. 2907.03. The appellant was sentenced to a term of incarceration of five years. At the sentencing hearing, the trial court found the appellant to be a sexually oriented offender. The appellant raises no issues pertaining to the plea itself or to his status as a sexually oriented offender.
 {¶ 2} After the trial court imposed the five-year sentence, it explained its reasoning as follows:
 {¶ 3} "I also need to explain to you, Mr. Johnson, that I'm giving you the maximum sentence in this case. The reason that I am giving you the maximum sentence in this case is because I believe you have the greatest likelihood of commiting (sic) a future crime and, number two, I also believe you committed the worst form of the offense of sexual battery.
 {¶ 4} "The reason that I made these two findings is as follows: Number one, the worst form of this offense is this was a child who you raped. Number two, you committed physical harm to this child when you raped her.
 {¶ 5} "And in addition to that, she tried to get away from you. You didn't let her get away. You got out of the car, you chased her down, and then you raped her and she got away finally.
 {¶ 6} "This is all corroborated by the fact that a neighbor heard her screaming. Unfortunately the neighbor didn't take the initiative to call the police.
 {¶ 7} "You didn't show any respect at all for this victim. You took her to a party. You got her drunk. You gave her marijuana and so you impaired her ability to make any kind of decisions in this case.
 {¶ 8} "Second of all, I think that you're going to commit another future crime. There's a great likelihood of it because of the fact that you have a prior record. You violated your probation on that prior felony two times. That is case number 29867.
 {¶ 9} "In addition to that, you have a juvenile case where you were placed on probation and you violated your probation in that case. And that is case 8913016.
 {¶ 10} "And, finally, I allowed you, at the request of your attorney, to be placed on a bond after you pled guilty to this offense and you had the audacity not to appear at your sentencing on June 26th. I had to issue a capias. I had to have you arrested.
 {¶ 11} "So based on all of these not showing up and your criminal record, I think there is a greatest likelihood of you committing a future crime. So, therefore, that's why you're getting the maximum sentence.
 {¶ 12} "And, finally, you have three minor offenses, three misdemeanors, that you have been convicted of for disorderly conduct, for criminal trespassing and for petty theft, and based on that I think that I am within the law on giving you the maximum sentence."(T. 25-27).
 {¶ 13} The appellant sets forth four assignments of error.
 The first assignment of error "THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERMS OF IMPRISONMENT ON MR. JOHNSON WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(B)." {¶ 14} The appellant asserts that the court erred by failing to make a finding as to why the minimum sentence would not be appropriate as required under R.C. 2929.14(B).
 {¶ 15} This court has held that where a trial court makes the required findings under R.C. 2929.14(C) for imposition of the maximum sentence, it need not make any finding under R.C. 2929.14(B). In Statev. Prettyman, Cuyahoga App. No. 79291, 2002-Ohio-1096, this court held:
 {¶ 16} "This court has expressly held that R.C. 2929.19(B) does not apply when a maximum sentence is imposed pursuant to R.C. 2929.14(C), because the explicit language of R.C. 2929.14(B) excludes maximum sentences. State v. Berry (June 14, 2001), 2001 Ohio App. LEXIS 2630, Cuyahoga App. No. 78187, unreported; State v. Gladden (Jan. 4. 2001), 2001 Ohio App. LEXIS 24, Cuyahoga App. No. 76908, unreported; State v.Sherman (May 20, 1999), 1999 Ohio App. LEXIS 2304, Cuyahoga App. No. 74297, unreported. Because the court in the instant case imposed the maximum sentence, it was not required to make findings pursuant to R.C.2929.14(B)."
 {¶ 17} The trial court herein imposed the sentence pursuant to R.C. 2929.14(C) and thus was not required to set forth its reasons under R.C. 2929.14(B). The trial court did not err in failing to state on the record its reasons for deviating from the minimum sentence.
 {¶ 18} The appellant's first assignment of error is overruled.
 The second assignment of error "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. § 2929.14(C) WHERE IT DID NOT FIND OR SET FORTH RELEVANT FACTS SUPPORTING THAT MR. JOHNSON COMMITTED THE WORST FORM OF THE OFFENSE OR THAT MR. JOHNSON POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES." {¶ 19} The appellant argues that the trial court erred in entering its findings that the appellant committed the worst form of the offense and that he poses the greatest likelihood of committing a crime in the future because the court considered facts irrelevant to the appellant's commission of sexual battery.
 {¶ 20} As the appellant points out, the trial court was required under R.C. 2929.14(C) to make a finding on the record that the appellant either committed the worst form of the offense or posed the greatest likelihood of recidivism.
 {¶ 21} In State v. Hogan, Cuyahoga App. No. 80157, 2002-Ohio-1773, this court found that in order to impose the maximum sentence, the trial court must make the findings required in R.C.2929.14(C), which states in pertinent part:
 {¶ 22} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 23} Further, when a court makes the required findings listed in R.C. 2929.14(C), it must also give its reasons for those findings, as stated in R.C. 2929.19(B)(2)(d):
 {¶ 24} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 25} "* * *
 {¶ 26} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *."
 {¶ 27} When imposing the maximum sentence in this case, therefore, the court first needed to make a finding either that the offender committed the worst form of the offense or that he poses the greatest likelihood of committing future offenses. Hogan, supra. Then the court needed to give its reasons for the findings. Id.
 {¶ 28} In the case sub judice, in considering whether the appellant committed the worst form of the offense, the trial court noted that: 1) the victim was a minor; 2) the victim attempted to escape the appellant; 3) the appellant chased her down; 4) the appellant manipulated the victim with drugs and alcohol; and, 5) the appellant committed physical harm to the victim. These findings all related to the crime committed by the appellant. The trial court properly placed in the record its reasons for finding that the appellant committed the worst form of the offense.[1]
 {¶ 29} The second assignment of error is overruled.
 The third assignment of error "THE TRIAL COURT'S MAXIMUM SENTENCE WAS DISPROPORTIONATE BECAUSE IT FAILED TO ACHIEVE THE FIRST OVERRIDING PURPOSE OF FELONY SENTENCING IN OHIO'S REVISED CODE BY IMPOSING AN INCONSISTENT SENTENCE WHEN COMPARED TO SIMILAR CRIMES BY SIMILAR OFFENDERS." {¶ 30} The appellant argues that the appellant's sentence was contra to the purposes and principles of felony sentencing as set forth in R.C. 2929.11(B) which requires that a sentence be consistent with sentences imposed for similar crimes committed by similar offenders. The appellant posits that his sentence was disproportionate to the gravity of the offense and that the sentence is disproportionate to sentences imposed on similar offenders.
 {¶ 31} The overriding purposes of the felony sentencing statutes are to protect the public from future crime by the offender and to punish the offender. See R.C. 2929.11(A). A sentence imposed for a felony should be calculated to achieve these two purposes, and be commensurate with the offender's conduct without demeaning the seriousness of that conduct or the impact that conduct had on the victims. See R.C. 2929.11(B). Moreover, the sentence should be consistent with sentences imposed for similar crimes committed by similar offenders. State v. Andrejick, Cuyahoga App. No. 79700, 2002-Ohio-1649. The court has broad discretion when considering these sentencing factors. State v. Yontz (1986),33 Ohio App.3d 342, 515 N.E.2d 1012, and we cannot modify or vacate a sentence on appeal unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.
 {¶ 32} This court notes that the parties failed to cite any evidence, by way of a data base or otherwise, setting forth sentences imposed by the court of common pleas trial judges on similar offenders for similar offenses. The appellant's citation to a mere three cases he believes are similar is not sufficient to convince this court that the appellant's sentence was disproportionate. There is at present no instrument by which to assess proportionality within the trial court, let alone proportionality between the Cuyahoga County Court of Common Pleas and the common pleas courts of other counties. Thus, this court turns to case law to resolve this issue.
 {¶ 33} In State v. Harris (June 7, 2001), Cuyahoga App. No. 78241, this court cited to State v. Tutt (1988), 44 Ohio App.3d 138,541 N.E.2d 1090, for the proposition that a sentence imposed within the statutory limits and upon consideration of the statutory criteria is generally within the trial court's discretion and will not be reversed on appeal. The court concluded that because the sentences here are within the statutory limits and because of the trial court's comments throughout the sentencing, that the sentence was reasonably calculated to achieve the two overriding principles set forth in R.C. 2929.11(A) and did not violate the proportionality principle provided in R.C. 2929.11(B). Likewise, as noted in the first and second assignments of error, the trial court here fully complied with the applicable sentencing statutes, thus, no error was committed when the court determined that the imposition of the maximum sentence was warranted.
 {¶ 34} The third assignment of error is overruled.
 The fourth assignment of error "THE TRIAL COURT IMPROPERLY CONSIDERED UNCHARGED AND UNSUBSTANTIATED ACTS AS AGGRAVATING FACTORS AT SENTENCING." {¶ 35} The appellant asserts that the trial court improperly considered an unsubstantiated arrest for rape attributed to the appellant. The appellant then sets forth case law regarding the impropriety of a court considering during sentencing a crime for which a defendant has not been convicted.
 {¶ 36} In the matter now before this court, the record reveals that the issue of this arrest was brought to the court's attention during the court's consideration of the appellant's sexual predator status, an issue not on appeal. There is no indication in the record that the trial court considered this unsubstantiated arrest during the sentencing for sexual battery.
 {¶ 37} The appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The trial court is required to find either that the defendant committed the worst form of the offense or that the appellant poses the greatest likelihood of committing future crimes. The court is not required to make both findings, and thus, this court considered only the trial court's finding that the appellant committed the worst form of the offense. As noted in State v. Hogan, Cuyahoga App. No. 80157, 2002-Ohio-1773, the terms are disjunctive.