OPINION.
{¶ 1} Defendant-appellant, Lori A. Dunn ("appellant"), appeals the judgment and sentence entered against her by the Court of Common Pleas, Allen County. Specifically, the appellant appeals the trial court's decisions (1) denying her motion to withdraw her guilty plea entered on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and (2) imposing a six year sentence upon her. Upon review, we find that the trial court did not abuse its discretion in denying the appellant's motion to withdraw her guilty plea, and that the sentence imposed by the trial court is not contrary to law.
Facts and Procedural History
 {¶ 2} On November 17, 2001, Brian Estes was brutally beaten with a baseball bat by two men outside of his home. As a result of the beating, Estes was in an eight day coma, suffered permanent brain damage, was blinded in one eye, lost teeth, and most of the bones in his face were broken. Stemming from this incident, the Allen County, Grand Jury, on June 13, 2002, returned a one count indictment against the appellant, charging her with one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1). It is alleged that the appellant solicited the two men to assault Estes, a former romantic partner of the appellant's.
 {¶ 3} On June 24, 2002, the appellant was arraigned and entered a plea of not guilty and was released on bond. On September 24, 2002, the trial court ordered that the appellant's bond be revoked and ordered that she be arrested until further order of the court.[1] The appellant was then placed in the Allen County jail on September 26, 2002.
 {¶ 4} On September 27, 2002 the appellant withdrew her original plea and entered a plea of guilty to the charge. The trial court ordered a presentence investigation and ordered sentencing to be held on November 7, 2002. However, on November 5, 2002, just two days prior to the sentencing hearing, and more than a month after entering a guilty plea, the appellant filed a motion to withdraw her guilty plea, claiming that she did not fully understand the import of her decision.
 {¶ 5} On November 7, 2002, the date sentencing was to be held, the trial court held a hearing to determine the merits of the appellant's presentence motion to withdraw her guilty plea. At the conclusion of the hearing, the trial court overruled the appellant's motion and proceeded to sentencing. The appellant was sentenced to a prison term of six years for felonious assault. It is from these decisions which the appellant appeals and asserts three assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
The trial court erred by failing to grant the appellant's motion to withdraw her guilty plea prior to sentencing.
 {¶ 6} Prior to sentencing, the appellant filed a motion to withdraw her guilty plea on the grounds that her plea was not voluntary made based upon the following reasons: (1) at the time she entered the guilty plea, she was suffering from withdrawal from prescription medication; (2) that she did not understand the seriousness or the possible penalties for the offense which she was indicted; and (3) that she mistakenly thought she was being offered probation.
 {¶ 7} Crim.R. 32.1 reads: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." While Crim.R. 32.1 provides a standard by which post sentence withdrawals of guilty pleas may be evaluated, i.e., "to correct manifest injustice," it provides no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea, as is the case herein.[2]
 {¶ 8} It is generally recognized that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, but the right to withdraw a plea is not absolute.[3] In making its determination, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.[4] Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.[5] Accordingly, absent an abuse of discretion, an appellate court should not disturb the trial court's decision.[6] An abuse of discretion connotes that the trial court's determination was unreasonable, arbitrary, or unconscionable.[7]
 {¶ 9} Several factors to consider have been set out by this and other courts to assist in the review of a trial court's decision to deny the appellant's pre-sentence motion to withdraw a guilty plea. These factors include: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.[8]
 {¶ 10} The appellant's contention that she was suffering from withdrawal at the time she entered her guilty plea is based upon the following circumstances. The appellant was originally released on bond after pleading not guilty to one count of felonious assault. After testing positive for cocaine a few months later, the appellant's bond was revoked and she was placed in jail. At the appellant's subsequent hearing to withdraw her guilty plea, she testified that she was unable to take any of her prescribed medications[9] between the time of her incarceration on September 26, 2002, and the hearing in which she changed her plea to guilty on September 27, 2002 — a period of approximately twenty-four hours. The appellant testified that without the medication she did not know what she was doing and that she had the "shakes" and was affected mentally.
 {¶ 11} The record, however, including the recollections of the judge who presided over the change of plea hearing and of the assistant prosecutor present at that hearing, contradicts appellant's uncorroborated assertion.
 {¶ 12} The trial court also admitted the transcript of the September 27th change of plea hearing into evidence at the hearing on the motion to withdraw the plea of guilty. The transcript reveals that at the hearing where the appellant entered her plea of guilty, she stated that she was not impaired or under the influence of drugs or alcohol.[10]
The judge diligently made several inquiries of appellant as to appellant's understanding of the proceedings and constitutional rights she was waiving by pleading guilty. To all of this, the appellant consistently stated that she understood the import of her decision and that it was voluntary. The trial court afforded the appellant numerous opportunities to ask questions, and there was no indication that appellant, who was represented by counsel, did not understand what was occurring or that she was confused about it.
 {¶ 13} Following the hearing on the plea withdrawal motion, the judge summarized his findings as follows:
There was no mention and no indication whatsoever of any othermedication or any impairment or withdrawal, or otherwise, either in thedefendant's response to the Court's questions or, as the Court recalls,in her demeanor at the time of the plea. There was no indication ofimpairment of understanding. There's no testimony before the Court, otherthan the defendant's own testimony, as to the effect, if any, of notbeing medicated, as she says she should have been. There's no testimony,other than her own, and the Court, at this time simply does not believeher testimony with regard to being under withdrawal symptoms for notbeing on other medications, which, again, may or may not have actuallybeen the case.
 {¶ 14} Appellant further asserts that she should be allowed to withdraw her guilty plea because she mistakenly believed that she was going to receive probation as part of the plea agreement. Yet, nowhere in the record is there any corroboration for this assertion. At the change of plea hearing, the appellant signed the written plea agreement, and there is no mention of probation in that document.[11] Upon inquiry of the trial court, the appellant denied that she had been promised anything by anybody other than what was in the written plea agreement. The assistant prosecutor involved with the case testified at the plea withdrawal hearing that the prosecution had not offered to recommend probation to the judge as part of the plea agreement.
 {¶ 15} Upon the record before us, we do not find that the trial court abused its discretion in denying the appellant's presentence motion to withdraw her plea. Appellant has not shown a reasonable and legitimate basis for the withdrawal of the plea. Accordingly, appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
 Whether appellant was denied effective assistance of counsel underArticle I, Section 10 of the Ohio Constitution and the Sixth Amendment ofthe United States Constitution.
 {¶ 16} In her second assignment of error, the appellant claims that she was not afforded effective assistance of counsel at the change of plea hearing and at the hearing to withdraw her guilty plea.
 {¶ 17} The United States Supreme Court addressed effectiveness of counsel in Strickland v. Washington,[12] wherein it set forth the two-pronged test to apply to a claim of ineffective counsel: the appellant must first show that counsel's performance was deficient and must then show how counsel's deficient performance prejudiced the appellant's defense. There must be a reasonable basis to believe that but for counsel's deficiency the results of the proceedings would have been different.
 {¶ 18} In Ohio, a properly licensed attorney is presumed to be competent, and the appellant bears the initial burden of proof on the issue of ineffectiveness of counsel.[13] All of appellant's contentions in this regard are either contradicted by the record or lack any showing that her defense was prejudiced. For example, she contends that her counsel advised her that if she plead guilty, she would receive probation. As discussed in the preceding assignment of error, there is nothing to this effect in the plea agreement which she signed. Moreover, she stated to the judge at the change of plea hearing that no other promises were made to her.
 {¶ 19} Appellant also contends that assistance was ineffective due to counsel's failure to introduce evidence at the change of plea hearing. Appellant specifically asserts that her attorney should have introduced evidence of appellant's mental health history and evidence that her physical condition on the day of the plea entry was affected by her inability to take prescribed medications. However, appellant makes no showing that such evidence was available or that it would have corroborated her assertions. Consequently, the appellant has not sustained her burden of showing either that her counsel's assistance was deficient or that the outcome of the proceeding would have been different.
 {¶ 20} The appellant's remaining arguments are equally without merit, and she has not met her burden of showing that the assistance of her counsel was ineffective. Accordingly, the appellant's second assignment of error is also overruled.
ASSIGNMENT OF ERROR NO. III
 Appellant's sentence should be modified pursuant to R.C. 2953.08(G)(1)as they [sic] were contrary to law and not supported by the record.
 {¶ 21} In her third assignment of error, the appellant contends that the six year sentence she received for one count of felonious assault was contrary to law and not supported by the record. Specifically, the appellant asserts that the trial court "lost its way" and was "blinded by the nature" of the allegations and did not consider the principles and purposes of the sentencing laws. The appellant also claims that the trial court committed prejudicial error when it sentenced her contrary to R.C. 2929.11(B).
 {¶ 22} When imposing a felony sentence upon a criminal defendant, there exists a carefully defined statutory structure within which a trial court judge may exercise reasoned discretion insofar as it comports with the enacted purposes and principles of Ohio's felony sentencing laws.[14]
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed by the trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.[15]
 {¶ 23} R.C. 2929.11(A) states that the two purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. In order to achieve these overriding purposes, the trial court judge must exercise discretion and determine whether imprisonment or some combination of community-based sanctions, which may or may not involve incarceration, will satisfy the purposes of sentencing.[16] Accordingly, when determining a defendant's sentence who has been convicted of a felony, the trial court has discretion to determine the most effective way to punish the offender and protect the public. In exercising that discretion the trial court shall consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the defendant's conduct and R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism.
 {¶ 24} In determining the appellant's six year sentence, the trial court stated at the sentencing hearing and recorded in its sentencing judgment entry that the following factors applied to the appellant: Pursuant to R.C. 2929.12(B) the court found that the victim had suffered serious physical and psychological harm; that the appellant's relationship with the victim facilitated the relationship; and that the appellant committed the offense as an organized criminal activity. Pursuant to R.C. 2929.12(D), the trial court found that the appellant had a history of criminal convictions; and that the appellant had demonstrated a pattern of drug and alcohol abuse. Pursuant to R.C.2929.12(E), the trial court found that the appellant showed remorse for the offense.
 {¶ 25} After the trial court considered these factors it found that, pursuant to R.C. 2929.13(D), that a prison term was necessary to comply with the purposes and principles of sentencing set forth in R.C.2929.11. In addition to stating the above factors at the sentencing hearing, the court also stated that the assault on Mr. Estes was "one of the most terrible types of crimes" it had seen, and found that it was a "very heinous crime."
 {¶ 26} After considering these factors, the trial court was guided by R.C. 2929.14(A)(2), which provides that the range of possible imprisonment for a second-degree felony is between two and eight years. Generally, a sentence that is based upon the considerations set forth in these statutes and that is within the statutory limits will not be reversed on appeal.[17] The six year sentence imposed upon the appellant is within the range set by statute.
 {¶ 27} R.C. 2929.14(B) mandates that if the trial court imposes a prison sentence upon an offender who has not previously served a prison term, the court shall impose the minimum prison sentence unless the trial court specifies on the record that the shortest prison term will demean the seriousness of the conduct of the defendant or will not adequately protect the public from future crime by the offender. Although the appellant here had not previously served a prison term, the trial court orally stated at the appellant's sentencing hearing that "[t]he Court finds that the shortest prison term will demean the seriousness of the defendant's conduct," and also recorded the same in the sentencing judgment entry. Thus, the trial court properly considered factors of seriousness and recidivism under R.C. 2929.12, and made the necessary findings on the record as required by R.C. 2929.14.
 {¶ 28} The appellant, however, additionally asserts that the six year sentence she received is inconsistent with other sentences imposed upon similar offenders in Allen County and, therefore, the sentence is contrary to law. R.C. 2929.11(B) states, in part, that a sentence imposed for a felony be "consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 29} In order to establish that her sentence was inconsistent, the appellant must cite to this Court other cases demonstrating that the sentence she received is inconsistent with the sentences imposed upon other similarly situated offenders.[18]
 {¶ 30} The party claiming that a sentence is inconsistent with sentences given in other cases bears the burden of producing the sentences in the other cases.[19]
 {¶ 31} The appellant has not cited a single example of an Allen County sentence which supports her assertion. Thus, we must conclude that the appellant has not met her burden to establish that the six year sentence she received for felonious assault was inconsistent with sentences imposed upon similar offenders for similar crimes.
 {¶ 32} For the reasons discussed herein, we clearly and convincingly find that appellant's sentence is supported by the record and is not contrary to law. Therefore, the appellant's third assignment of error is overruled.
 {¶ 33} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] The reason for the revocation of the bond and arrest of the appellant was because she had failed a drug screen urine test and had tested positive for cocaine.
[2] State v. Xie (1992), 62 Ohio St.3d 521, 526.
[3] Id. at paragraph one of the syllabus.
[4] Id.
[5] Id. at paragraph two of the syllabus.
[6] State v. Mack (Oct. 29, 1998), Allen App. No. 1-98-30.
[7] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[8] State v. Lane, Allen App. No. 1-01-69, 2001-Ohio-2299; citing Statev. Griffin (2001), 141 Ohio App.3d 551, 554.
[9] The appellant testified that she was taking medication to treat nervousness, a bipolar condition, chemical imbalance, and a sleeping disorder. The medications the appellant claimed to be taking were Lithium, Lamacil, Topomax, Xanax and Cellexa.
[10] The appellant stated that she was taking a pain medication (Vicoden) for an injury to her foot that occurred at work, but stated that the medication did not affect her ability to think clearly.
[11] The plea agreement only indicated that the state agreed that it would not make a specific recommendation as to the length of the sentence, but reserved the right to be heard at sentencing.
[12] (1984), 466 U.S. 668.
[13] State v. Jackson (1980), 64 Ohio St.2d 107, 110-111.
[14] See Griffin and Katz, Ohio Felony Sentencing Law (2002), 49.
[15] R.C. 2953.08(G)(2) provides: "* * * The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: 2 "(a) That the record does not support the sentence * * *; (b) That the sentence is otherwise contrary to law."
[16] See Griffin and Katz, Ohio Felony Sentencing Law (2002), 48.
[17] State v. Overmyer, Paulding App. No. 11-2000-07, 2000-Ohio-1785; citing State v. Tutt (1988), 44 Ohio App.3d 138.
[18] State v. Quine, Summit App. No. 20968, 2002-Ohio-6987.
[19] See State v. Hanson, Lucas App. No. L-01-1217,2002-Ohio-1522.